Vladyslav **PALAHUTA**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–71406.

Agency No. A78–759–390.

United States Court of Appeals, Ninth Circuit.

Submitted April 1, 2004.**

Decided April 6, 2004.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Edward S. Reisman, Law Offices of Edward S. Reisman, Santa Monica, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jamie M. Dowd, U.S. Department of Justice, Washington, DC, for Respondent.

Before THOMAS, W. FLETCHER, and BEA, Circuit Judges.

### MEMORANDUM *

Vladyslav Palahuta, a native and citizen of the Ukraine, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Palahuta was arrested and struck at a demonstration protesting the university's Ukranian-language only policy, and taken to jail. He was released the same day after being issued a summons and an application form acknowledging his guilt. He fears persecution by the police for his failure to appear as required by the summons. Palahuta also testified that shortly after his arrest, a mafioso offered him 1/5 of the market price for his flat, or death.

Assuming Palahuta testified credibly, substantial evidence supports the BIA's conclusion that this past harassment does not rise to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive.")

Substantial evidence also supports the BIA's conclusion that Palahuta failed to establish that he has a well-founded fear of future persecution because Palahuta's fear of prosecution by the police for his failure to respond to the summonses does not constitute persecution, *see Abedini v. INS*, 971 F.2d 188, 191 (9th Cir.1992), and because the mafioso's low offer on his flat and threat to kill him if he did not sell him the flat were not on account of an enumerated ground, *see Sangha v. INS*, 103 F.3d 1482, 1489–90 (9th Cir.1997).

Because Palahuta failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Marcu v. INS*, 147 F.3d 1078, 1083 (9th Cir.1998).

Palahuta is not entitled to relief under the CAT because he did not demonstrate that it was more likely than not that he would be tortured if returned to the Ukraine. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

Palahuta's remaining contentions also lack merit.

PETITION FOR REVIEW DENIED.